UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD CHINNICI,

    Plaintiff,

v.                      Case No. 8:14-cv-1357-T-33TBM

BILL WARNER and WBI, INC. PRIVATE
DETECTIVE AGENCY,

    Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On June 9, 2014, Edward Chinnici initiated this action against Bill Warner and WBI, Inc. Private Detective Agency, setting forth various claims of defamation, libel per se, and defamation per se. (See Doc. # 1). In the Complaint, Chinnici contends that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as Defendants allegedly violated 42 U.S.C. § 1983. (Id.).

Upon review of the Complaint, the Court determines that it lacks subject matter jurisdiction over this matter. However, in light of Chinnici's *pro se* status, the Court grants Chinnici leave to file an amended complaint, on or before June 27, 2014, so that Chinnici may have an additional opportunity to properly allege jurisdiction, if possible.


**Discussion**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Construing Chinnici's Complaint liberally due to his *pro se* status, the Court reaches the inescapable conclusion that this Court lacks subject matter jurisdiction over this action.

As stated above, Chinnici contends that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as Defendants allegedly violated 42 U.S.C. § 1983. (Id.). Although Chinnici references 42 U.S.C. § 1983, a mere reference to federal law is not enough to establish federal question jurisdiction. A case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1991).

> 42 U.S.C. § 1983 provides, in relevant part:
>
> Every person who, under color of statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

"To state a cause of action under section 1983, [a][p]laintiff must allege: (1) that he was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States; and (2) that the conduct complained of

3

was committed by a person acting under color of state law." Ridley v. Stewart, No. 3:07-cv-1173-J-16JRK, 2008 WL 876960, at *3 (M.D. Fla. Mar. 27, 2008) (citing Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)).

In this case, far from asserting a substantial federal claim, Chinnici states in a conclusory fashion that Defendants violated 42 U.S.C. § 1983. (See Doc. # 1). However, Chinnici has failed to adequately demonstrate (1) that he was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States; and (2) that Defendants were acting under color of state law when they engaged in the conduct complained of. The Court has no obligation to hypothesize a federal claim, even considering Chinnici's *pro se* status. See Gibbs v. U.S., 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) ("The leniency afforded to *pro se* pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.")(internal quotation omitted).

Although Chinnici explicitly alleges this Court has jurisdiction pursuant to 28 U.S.C. § 1331, in light of Chinnici's *pro se* status, this Court will also analyze whether Chinnici has established diversity jurisdiction pursuant to

4

28 U.S.C. § 1332. In order to sufficiently allege diversity jurisdiction, Chinnici must demonstrate complete diversity of citizenship and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. In order to demonstrate complete diversity, Chinnici must establish that his citizenship is diverse from the citizenship of every Defendant. As explained in Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), "citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." Furthermore, Chinnici is advised that to sufficiently allege citizenship of a corporate defendant, the state of incorporation as well as the location of the principal place of business must be stated. See 28 U.S.C. § 1332(c)(1). In addition, Chinnici must establish that the amount in controversy exceeds $75,000.

Upon review of the Complaint, Chinnici has failed to definitively establish diversity jurisdiction as Chinnici has not properly alleged the citizenship of all the parties. Specifically, Chinnici has not provided the citizenship of the individual parties in this action – Chinnici and Bill Warner – and has failed to properly allege the citizenship of the corporate Defendant – WBI, Inc. Private Detective Agency.

Accordingly, this Court determines that it lacks subject matter jurisdiction over this action. The Court thus dismisses the Complaint without prejudice so that Chinnici may have an additional opportunity to properly allege jurisdiction, if possible. The Court grants Chinnici leave to file an amended complaint on or before June 27, 2014.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Complaint (Doc. # 1) is dismissed without prejudice.

(2) Edward Chinnici may file an amended complaint on or before June 27, 2014.

(3) If no amended complaint is filed on or before June 27, 2014, this case will be dismissed without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>10th</u> day of June, 2014.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

6