UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD CHINNICI,

    Plaintiff,

v.                                    Case No. 8:14-cv-1357-T-33TBM

WBI, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant WBI, Inc.'s Motion to Dismiss Amended Complaint. (Doc. # 42). The Motion to Dismiss was filed on March 13, 2015. Pursuant to Local Rule 3.01(b) and Rule 6(d), Fed. R. Civ. P., the deadline for *pro se* Plaintiff Edward Chinnici to file a response in opposition to the Motion to Dismiss was, at the latest, March 30, 2015.

A review of the file reveals that Chinnici failed to file a response to WBI, Inc.'s Motion to Dismiss in the time provided by the Rules or at any point since. Accordingly, the Court considers the Motion to Dismiss as unopposed. For the reasons that follow, the Court grants the Motion.

**I.  Background**

On June 9, 2014, Chinnici initiated this action against several Defendants (Doc. # 1), and filed an Amended Complaint

on July 18, 2014, alleging various claims for defamation, defamation of character, libel, and slander (Doc. # 8). According to the Amended Complaint, Defendants "deliberately and with malice, falsely posted on June 25, 2009, intentional lies about Plaintiff on their internet website(s)." (Id. at 4).

On August 18, 2014, Defendants County of Sarasota, North Port Police Department, and Bill Warner filed Motions to Dismiss the Amended Complaint. (Doc. ## 16-18). Chinnici failed to file a response in opposition to the Motions, and as a result, this Court granted each Motion as unopposed on September 8, 2014. (Doc. # 21). Thereafter, Defendant Officer Terry Lewis was dismissed from this action without prejudice as Chinnici failed to perfect service of process upon Officer Lewis, pursuant to Fed. R. Civ. P. 4 and the extended deadlines provided by this Court. (Doc. # 34). Thus, the only remaining Defendant in this action is WBI, Inc.

Subsequently, after receiving several extensions of time to obtain counsel (Doc. ## 32, 36, 38), WBI, Inc. filed a Notice of Appearance on March 12, 2015. (Doc. # 39). That same day, WBI, Inc. filed the present Motion to Dismiss. (Doc. # 42).

2

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted

3

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Analysis

As an initial matter, WBI, Inc. argues that Chinnici's claims should be dismissed because they are time barred by the applicable statute of limitations. (Doc. # 42 at 3). Dismissal on statute of limitations grounds is appropriate if it is apparent from the face of complaint that the complaint is time-barred. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 847 (11th Cir. 2004).

In Florida, a two-year statute of limitation applies to actions for libel or slander. See Fla. Stat. § 95.11(4)(g). A cause of action for libel or slander accrues on publication of the alleged defamatory statements. Dessasau v. Cook, Nos. 99-14946, 00-12552, 2001 WL 34395880, at *3 (11th Cir. Mar. 15, 2001)("Florida has a two-year limitations period for defamation actions."). Here, it is apparent from the face of the Amended Complaint that Chinnici's claims are barred by

4

the applicable statute of limitations. Specifically, the entire basis of this action is founded upon "Defendants deliberately and with malice, falsely post[ing] on June 25, 2009, intentional lies about Plaintiff on their internet website(s)." (Doc. # 8 at 4). Therefore, under Florida Statute § 95.11(4)(g), Chinnici had until June 25, 2011, to bring a defamation claim; however, this action was filed on June 9, 2014. (See Doc. # 1). As a result, Chinnici's defamation claims against Defendant are time-barred by the applicable statute of limitations. Therefore, Defendant's Motion is granted.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant WBI, Inc.'s Motion to Dismiss Amended Complaint (Doc. # 42) is **GRANTED.**

(2) This case is **DISMISSED.**

(3) The clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of April, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record